IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| BLACKSMITH OTR, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>OTR WHEEL ENGINEERING, INC.,<br><br>    Defendant. | Case No. 4:23-cv-00279-WMR<br><br>**Jury Trial Demanded** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT 4 TO PLAINTIFF'S MOTION TO RE-OPEN CASE**

Plaintiff Blacksmith OTR, LLC ("Plaintiff" or "Blacksmith") respectfully moves the Court for leave to file under seal Exhibit 4 to its Memorandum in Support of Blacksmith's Motion to Re-Open Case.

Although "[d]ocuments filed in court are presumptively public," the Local Rules of this Court provide a process to request that documents be filed under seal. App. H, Pt. II-J. Blacksmith submits this motion for leave to file under seal in accordance with the requirements of Part II-J(2)(d) of Appendix H. A proposed order granting this motion is submitted concurrently herewith.

## ARGUMENT

Good cause exists for Blacksmith's request, and, in fact, this Court has already granted a substantially similar Motion to Seal by OTR Engineered Solutions, Inc.

1

("OTR") in a later filed related case, *OTR Engineered Solutions, Inc. v. Blacksmith OTR, LLC*, No. 4:24-cv-00186-WMR (N.D. Ga. 2024) (hereinafter the Second-Filed Action) [DE 5, 6], directed to a sub-set of the Settlement Agreement between the Parties which Blacksmith now seeks to file under seal in its entirety.

As OTR noted in *its* Motion to Seal [DE 5] in the Second-Filed Action: "This action concerns the terms of a Master Supply Agreement (the "2024 Supply Agreement") between OTR and Defendant Blacksmith OTR, LLC." Like the Complaint in the Second-Filed Action, Blacksmith's Motion to Re-Open "quotes extensively from that Agreement and includes many references to its provisions." [*Id*.] And as OTR noted, "[t]he 2024 Supply Agreement requires the parties to maintain the confidentiality of the agreement's terms, as well as of any confidential information shared between the parties, including information about their business affairs, goods, and services."

The Instant Motion is slightly broader than OTR's DE 5 in the Second-Filed Action in that the "2024 Supply Agreement" which this Court considered as part of OTR's Motion to Seal was merely an exhibit (Exhibit A) to the Parties' April 2024 Settlement Agreement, an agreement which the Parties executed in order to settle the previous dispute between them. Whereas OTR's Complaint for Declaratory Judgment in the Second-Filed Action sought only to address Exhibit A to the Settlement Agreement (*i.e.*, the 2024 Supply Agreement), Blacksmith's Motion to

Re-Open draws into question the underlying Settlement Agreement itself, as well as Exhibit B thereto (the "Design Patent License Agreement") (collectively the "Complete 2024 Settlement Agreement"). As explained below, the Complete 2024 Settlement Agreement deserve the same protection as the Court afforded the 2024 Supply Agreement.

Specifically, like the 2024 Supply Agreement, both the Settlement Agreement and Design Patent License Agreement (*i.e.*, the remainder of the Complete 2024 Settlement Agreement) comprise the Parties' competitive and sensitive commercial information, as evidenced by the Parties' agreement to protect said information from disclosure. *Lee v. Ocwen Loan Servicing, LLC*, 2014 WL 12546415, at *1 (N.D. Ga. June 17, 2014) ("Courts have found that a company's interest in keeping the terms of confidential agreements private often outweigh the interest in public access."), *R. & R. adopted*, 2014 WL 12546417 (N.D. Ga. July 9, 2014). Sister courts routinely find good cause to seal documents containing commercially sensitive information, particularly where that information is the subject of a confidentiality agreement. *See, e.g.*, *Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, 2015 WL 149984, at *5 (N.D. Ga. Jan. 12, 2015) ("confidential business information and product specifications" and the "terms of a confidential agreement" warranted sealing). Specifically, the Settlement Agreement itself comprises a Confidentiality Provision,

which extends both to itself and to the Design Patent License Agreement, as an exhibit thereto.

As to the remaining factors for justifying sealing, there is no less drastic or onerous alternative to sealing Settlement Agreement (including Exhibit A and B thereto), since such large swaths of that Agreement are confidential, and since they are referenced repeatedly in Blacksmith's Motion to Re-Open. Additionally, references in the Motion to Re-Open are purposefully generalized so that the Motion to Re-Open itself need not be filed under seal or redacted, such that the public will have full access to the Motion to Re-Open, including the non-confidential descriptions and characterizations of the Settlement Agreement contained therein.

Blacksmith conferred with counsel for OTR on September 23, 2024, who indicated its consent to this Motion.

Good cause exists for sealing. The Court should grant this Motion,

## CONCLUSION

For the foregoing reasons, Blacksmith respectfully requests that the Court grant leave to file under seal Exhibit 4 to Blacksmith's Motion to Re-Open Case.

Respectfully submitted this 23rd day of September, 2024.

    Respectfully submitted,

    */s/ Spencer P. Mead*
    Spencer P. Mead
    Georgia Bar No. 404464
    SHUMAKER, LOOP & KENDRICK, LLP

101 South Tryon Street, Suite 2200
Charlotte, NC 28280
Tel:   704-375-0057
Fax:   704-332-1197
Email: smead@shumaker.com

*Counsel for Defendant*

## **LOCAL RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections approved by the Court in LR 5.1(C).

This the 23rd day of September, 2024.

>                             */s/ Spencer P. Mead*
>                             Spencer P. Mead
>                             Georgia Bar No. 404464

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notifications of such filing to all counsel of record.

*/s/ Spencer P. Mead*
Spencer P. Mead
Georgia Bar No. 404464